JUSTICE WARNER
concurs.
¶83 I concur.
¶84 As far as Pruyn is concerned, it is irrelevant whether Axmen had conferred ostensible authority on Kimbrell. No matter what Kimbrell may have told him or showed him, Pruyn chose not to deal with Axmen and instead dealt only with Kimbrell as an individual. The Court is entirely correct that § 30-3-401, MCA, does not apply. It was solely Pruyn’s mistake to trust Kimbrell and not check with the Hansons to make sure they signed the note. Axmen simply was not involved in Kimbrell’s deal with Pruyn.
¶85 I am willing to accept that Axmen, Inc., could have made a mistake and granted Kimbrell ostensible authority to deal with Powderhorn. This does not change the fact that the deal between Powderhorn and Kimbrell had nothing to do with Pruyn.
¶86 The long and the short of this case is that Pruyn made a serious mistake when he rejected Axmen as a debtor and loaned money to Kimbrell without taking security and without checking with the Hansons. It is not established in the record, but maybe Axmen also made a mistake and granted Kimbrell ostensible authority to deal with Powderhorn. However, Axmen’s mistake does not translate into a conclusion that it has been unjustly enriched by Pruyn’s carelessness. In my opinion, Pruyn’s carelessness was far more egregious than any *228 mistake Axmen might have made. However, at most, Pruyn and Axmen are equally at fault — and between those who are equally in the wrong, the law does not interpose. Section 1-3-215, MCA.
¶87 The District Court and this Court are correct in leaving these parties where it found them. I concur in the Court’s opinion.